United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 02-11316

———————————————

DALE MONTROSS,

Plaintiff-Appellant,

versus

UNITED PARCEL SERVICE OF AMERICA, INC.;
UNITED PARCEL SERVICE, INC., successor in
interest to and corporate holding company of United
Parcel Service of America, Inc.; LYN NORTH;
UNITED PARCEL (OHIO),

Defendants-Appellees.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:00-CV-785-L)

———————————————————————————————————————

Before REAVLEY, JONES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dale Montross claims that the district court erred in granting United Parcel

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Service's motion for summary judgment, and in denying Montross's subsequent motion for new trial, because the district court did not afford him adequate opportunity to complete discovery. We disagree and affirm the district court's entry of judgment for UPS.

The magistrate judge granted UPS's motion for protective order, and in so doing quashed Montross's subpoenas of several UPS employees and denied further discovery. The district court had previously granted Montross two additional periods for discovery. Following the second extension, UPS offered to make its employees available for deposition testimony on several dates within the time period requested by Montross. However, Montross claimed that the proposed dates conflicted with Montross's counsel's trial of another matter. Montross also cited counsel's conflicts in obtaining the discovery extensions. Montross then subpoenaed the employees for dates UPS said the employees would be unavailable. The magistrate judge could rightly find that Montross's failure to depose the employees during the 18 months allotted by the district court, coupled with Montross's failure to work cooperatively with UPS to find mutually convenient deposition dates, established the requisite good cause to issue the protective order. See Fed. R. Civ. P. 26(c).

AFFIRMED.